UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                        :

PERLIN L. KOONGE,                      :

                :

          Plaintiff,        :       24-CV-09417 (JAV)

                :

     -v-              :      MEMORANDUM OPINION

                :         AND ORDER

CITIBANK, N.A., et al.,          :

                :

         Defendants.     :

                :
------------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

On April 6, 2026, Arbitrator Jeffrey D. Pollack (the "Arbitrator") entered a final arbitration award granting summary judgment to Defendants Citibank, N.A. ("Citibank") and Barbra Sullivan ("Sullivan") (collectively, "Defendants"), and dismissing all claims of Plaintiff Perlin L. Koonge ("Plaintiff").  ECF No. 20-4 (the "Award").  On May 12, 2026, Defendants filed a motion to confirm the arbitration award and enter judgment.  ECF No. 18.  To date, Plaintiff has neither responded to the motion to confirm the arbitration award nor otherwise sought relief from the Award.

For the following reasons, the Court **GRANTS** the Motion to Confirm Arbitration Award and **CONFIRMS** the Award in its entirety.

## LEGAL STANDARDS

The Federal Arbitration Act ("FAA") provides the substantive law for the confirmation of arbitration awards.  9 U.S.C. § 9.  Under the FAA, courts grant an arbitrator's decision "great deference." *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003).  "[C]ourts are not authorized to review an arbitrator's decision on the merits even in the face of allegations . . . that the decision rests on factual errors or misinterprets the parties'

agreement." *N.Y.C. Dist. Council of Carpenters Pension Fund v. Star Intercom & Constr., Inc.*, No. 11-CV-03015 (RJH), 2011 WL 5103349, at *4 (S.D.N.Y. Oct. 27, 2011) (cleaned up). "[A] reviewing court is bound by the arbitrator's factual findings, interpretation of the contract and suggested remedies." *Loc. 97, Int'l Bhd. of Elec. Workers, A.F.L.-C.I.O. v. Niagara Mohawk Power Corp.*, 196 F.3d 117, 124 (2d Cir. 1999) (citing *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 37-38 (1987)). Instead, the Court's review is limited to determining if there are grounds for vacating the award under 9 U.S.C. § 10(a), and if the arbitrator is "arguably construing or applying the contract and acting within the scope of his authority." *Trs. for Mason Tenders Dist. Council Welfare Fund, Pension Fund, Annuity Fund & Training Program Fund v. Capstone Const. Corp.*, No. 11-CV-1715 (JMF), 2013 WL 1703578, at *2 (S.D.N.Y. Apr. 19, 2013) (quoting *Jock v. Sterling Jewelers Inc.*, 646 F.3d 113, 122 (2d Cir. 2011)). "[A] barely colorable justification for the outcome reached" by the arbitrators is all that is required to confirm an award on a timely petition to confirm. *Landy Michaels Realty Corp. v. Local 32B–32J, Serv. Emps. Int'l Union, AFL-CIO*, 954 F.2d 794, 797 (2d Cir. 1992) (citation omitted).

The confirmation of an arbitration award normally is "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (citation omitted). But the Court must nonetheless treat a petition to confirm an arbitration award "as akin to a motion for summary judgment based on the movant's submissions." *Id.* at 109.

Notwithstanding the extreme deference that a court must pay to an arbitrator's decision, even unopposed petitions to confirm awards must "fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law." *Id.* (citation omitted).

Accordingly, where the non-movant has "fail[ed] to respond" to a petition to confirm, the court "may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial."  *Id.* at 109-10 (cleaned up).

Because this Court had pre-existing jurisdiction over Plaintiff's claims at the time they were stayed pending arbitration pursuant to Section 3 of the FAA, it therefore has jurisdiction to adjudicate a motion to confirm the arbitration award under Section 9 of the FAA and to enter judgment on Plaintiff's claims.  *Jules v. Andre Balazs Props.*, 146 S. Ct. 1209, 1218 (2026).

## DISCUSSION

Applying these principles here, Defendants have met their burden of demonstrating that there is no genuine issue of material fact precluding summary judgment as to all portions of the Award, as the Arbitrator's decision provides more than "a barely colorable justification for the outcome reached."  *Id.* at 110 (citation omitted).  Nor is there any justification under Section 10(a) of the FAA for vacating the Award.  Accordingly, the Court grants Defendants' unopposed motion to confirm the arbitration award.

Plaintiff's complaint asserts eight causes of action, claiming discriminatory or retaliatory violations under the Americans with Disabilities Act ("ADA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), Section 1981 of the Civil Rights Act of 1866 ("Section 1981"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL").  ECF No. 5 ("Complaint" or "Compl."), ¶¶ 22-59.

As part of her employment with Citibank, however, Plaintiff agreed to resolve "all employment-related disputes" with Defendants via arbitration according to Citibank's Employment Arbitration Policy (the "Arbitration Agreement").  ECF No. 20 ("Simons Decl."),

Ex. 1 at 2.  Pursuant to the Arbitration Agreement, Plaintiff and Defendants filed a Joint Motion to Compel Arbitration and Stay Action Pending Arbitration on February 4, 2025.  ECF No. 13 at 2.

During the arbitration, the Arbitrator oversaw broad discovery that included exchanged interrogatories and documents, and depositions of Plaintiff and Sullivan.  Simons Decl., ¶ 7. After discovery closed, Defendants filed a motion for summary judgment on all of Plaintiff's causes of action.  *Id.*, ¶ 8.  The Arbitrator granted Defendants' motion for summary judgment in full, *id.*, Ex. 3 at 32, and entered the Award, *id.*, Ex. 4.

As to Plaintiff's failure-to-accommodate ADA claim, the Arbitrator concluded that Defendants did not fail to accommodate Plaintiff because her supervisors granted the requested accommodations.  *Id.*, Ex. 3 at 16-17.  Concerning Plaintiff's gender discrimination claims under Title VII, NYSHRL, and NYCHRL, the Arbitrator determined that the inference of discrimination needed to prove a prima facie case of discrimination is "practically impossible" to establish since Plaintiff's replacement is of the same gender.  *Id.* at 21.  With respect to Plaintiff's race, color, and national origin discrimination claims under Section 1981, the Arbitrator held that those claims failed because Plaintiff failed to put forth any evidence that she was treated differently or laid off due to her protected characteristics.  *Id.* at 22.  The Arbitrator similarly held that Plaintiff's severance discrimination claims under NYCSHRL and NYCHRL failed because of a dearth of evidence.  *Id.* at 26-27.  Plaintiff, for example, was unable to identify any of the similarly situated male employees who were laid off and allegedly received more severance benefits than she did.  *Id.*  For Plaintiff's Title VII retaliation claim, the Arbitrator concluded that Plaintiff did not engage in a protected activity.  *Id.* at 30.  The Arbitrator also noted that the underlying complaints about a hostile work environment—which

4

Plaintiff investigated and that investigation prompted the alleged retaliation—were not premised on a protected trait. *Id.* at 28-30. Even where Plaintiff did engage in a protected activity under the ADA, the Arbitrator determined that Plaintiff failed to prove a causal connection between the protected activity and the alleged adverse action because nothing changed after her accommodation, which she was already receiving, was formally granted. *Id.* at 31-32. Finally, the Arbitrator held that Plaintiff's Title VII and ADA claims against Sullivan failed because individuals are not subject to liability on such claims in the Second Circuit. *Id.* at 32. Accordingly, the Arbitrator granted Defendants' motion for summary judgment in full. *Id.*

After reviewing the motion and the supporting materials, the Court finds no issues of material fact that would preclude summary judgment as to all aspects of the Award, as the Arbitrator's decision provides more than a "a barely colorable justification for the outcome reached." *D.H. Blair & Co.*, 462 F.3d at 110. Nor is there any justification under Section 10(a) of the FAA for vacating the Award. Accordingly, the Court grants Defendants' unopposed motion to confirm the Award.

**CONCLUSION**

Accordingly, the motion to confirm the arbitration award is **GRANTED** and the April 6, 2026 arbitration award is **CONFIRMED**.

The Clerk of Court is directed to enter judgment in favor of Defendants on Plaintiff's claims. The Clerk of Court is further directed to terminate all pending motions and close the case.

SO ORDERED.

Dated: June 16, 2026
New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge